**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| U.S. Ethernet Innovations, LLC,<br><br>             Plaintiff,<br><br>v.<br><br>Netgear, Inc.,<br><br>             Defendant. | Civil Action No. 6:12-cv-399<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Plaintiff, U.S. Ethernet Innovations, LLC ("USEI"), hereby makes and files this Complaint for patent infringement against Defendant Netgear, Inc. ("Netgear"), respectfully showing the Court as follows:

**NATURE OF THE ACTION**

1.  Plaintiff USEI is a Tyler, Texas-based company that is the successor-in-interest to 3Com Corporation's Ethernet business, based on fundamental Ethernet technology developed by 3Com in the 1990s.  USEI owns United States Patent Nos. 5,732,094 (the "'094 Patent"), 5,434,872 (the "'872 Patent"), 5,530,874 (the "'874 Patent"), and 5,299,313 (the "'313 Patent").

2.  Defendant has made, used, imported, and/or sold and/or continues to make, use, import, and/or sell the technology claimed by the '094 Patent, the '872 Patent, the '874 Patent and the '313 Patent (collectively, the "Patents-in-Suit") in systems and methods without USEI's permission.

3.  Plaintiff USEI seeks damages for Defendant's infringement of the Patents-in-Suit.

## PARTIES

4. Plaintiff USEI is a Texas limited liability corporation. USEI's principal place of business is in Tyler, Texas.

5. On information and belief, Netgear, Inc. is organized and existing under the laws of the State of Delaware, with a principal place of business at 350 East Plumeria Drive, San Jose, California, 95134-1911. Netgear can be served with process through its registered agent, Incorporating Services, Ltd., 3500 South Dupont Highway, Dover, Delaware 19901.

## JURISDICTION AND VENUE

6. This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 101 *et seq*.

7. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

8. Venue is proper in this judicial district because Defendant is a corporation subject to personal jurisdiction in this judicial district, 28 U.S.C. §§ 1391(b)-(c).

9. Defendant is subject to this Court's specific and general personal jurisdiction consistent with the principles of due process and/or the Texas Long Arm Statute, due at least to its substantial business in this forum, including: (1) a portion of the infringement alleged herein, including making, using, importing, selling, and/or offering to sell products and systems that infringe the claims of the Patents-in-Suit; (2) the presence of established distribution channels in this forum; and/or (3) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Texas and in this judicial district.

**PATENTS-IN-SUIT**

10. The '094 Patent, entitled "Method for Automatic Initiation of Data Transmission," was duly and legally issued on March 24, 1998 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, David R. Brown, and W. Paul Sherer. A true and correct copy of the '094 Patent is attached hereto as Exhibit A.

11. The '872 Patent, entitled "Apparatus for Automatic Initiation of Data Transmission," was duly and legally issued on July 18, 1995 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, David R. Brown, and W. Paul Sherer. A true and correct copy of the '872 Patent is attached hereto as Exhibit B.

12. The '874 Patent, entitled "Network Adapter with an Indication Signal Mask and an Interrupt Signal Mask," was duly and legally issued on June 25, 1996 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Scott A. Emery, Brian Petersen, and W. Paul Sherer. A true and correct copy of the '874 Patent is attached hereto as Exhibit C.

13. The '313 Patent, entitled "Network Interface with Host Independent Buffer Management," was duly and legally issued on March 29, 1994 by the U.S. Patent and Trademark Office to 3Com Corporation, the assignee of the named inventors Brian Petersen, W. Paul Sherer, David R. Brown, and Lai-Chin Lo. A true and correct copy of the '313 Patent is attached hereto as Exhibit D.

14. USEI is the sole owner of the entire right, title, and interest in the Patents-in-Suit by virtue of assignment, including all rights necessary to prosecute this case and collect all damages, past, present and future, resulting from Defendant's infringement.

## ACCUSED PRODUCTS

15. Netgear imports, makes, uses, offers for sale, and/or sells certain products and devices which embody one or more claims of the Patents-in-Suit, including, without limitation, products employing Ethernet technology similar to that found in the Netgear RT311 Internet Gateway Router (collectively, the "Netgear Accused Products").

## COUNT I

## INFRINGEMENT OF U.S. PATENT NO. 5,732,094

16. USEI restates and realleges the allegations set forth in the foregoing paragraphs of this Complaint and incorporates them by reference.

17. Without a license or permission from USEI, Defendant has infringed and continues to infringe one or more claims of the '094 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. § 271.

18. Defendant directly contributes to and induces infringement by supplying infringing systems and components to Defendant's customers. Defendant's customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendant's instructions directly infringe one or more claims of the '094 Patent, in violation of 35 U.S.C. § 271.

19. The acts of infringement of the '094 Patent by Defendant have caused damage to USEI, and USEI is entitled to recover from Defendant the damages sustained by USEI as a result of the wrongful acts of Defendant in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the '094 Patent by Defendant will continue to damage USEI,

causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

20.  Defendant has had actual or constructive knowledge of the '094 Patent, yet continues to infringe said patent. The infringement of the '094 Patent by Defendant is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT II

## INFRINGEMENT OF U.S. PATENT NO. 5,434,872

21.  USEI restates and realleges the allegations set forth in the foregoing paragraphs of this Complaint and incorporates them by reference.

22.  Without a license or permission from USEI, Defendant has infringed and continues to infringe one or more claims of the '872 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. § 271.

23.  Defendant directly contributes to and induces infringement by supplying infringing systems and components to Defendant's customers. Defendant's customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendant's instructions directly infringe one or more claims of the '872 Patent, in violation of 35 U.S.C. § 271.

24.  The acts of infringement of the '872 Patent by Defendant has caused damage to USEI, and USEI is entitled to recover from Defendant the damages sustained by USEI as a result of the wrongful acts of Defendant in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the '872 Patent by Defendant will continue to damage USEI,

causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

25. Defendant has had actual or constructive knowledge of the '872 Patent, yet continues to infringe said patent. The infringement of the '872 Patent by Defendant is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## COUNT III

### INFRINGEMENT OF U.S. PATENT NO. 5,530,874

26. USEI restates and realleges the allegations set forth in the foregoing paragraphs of this Complaint and incorporates them by reference.

27. Without a license or permission from USEI, Defendant has infringed and continues to infringe one or more claims of the '874 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. § 271.

28. Defendant directly contributes to and induces infringement by supplying infringing systems and components to Defendant's customers. Defendant's customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendant's instructions directly infringe one or more claims of the '874 Patent, in violation of 35 U.S.C. § 271.

29. The acts of infringement of the '874 Patent by Defendant has caused damage to USEI, and USEI is entitled to recover from Defendant the damages sustained by USEI as a result of the wrongful acts of Defendant in an amount subject to proof at trial. The infringement of USEI's exclusive rights under the '874 Patent by Defendant will continue to damage USEI,

causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

30. Defendant has had actual or constructive knowledge of the '874 Patent, yet continues to infringe said patent.  The infringement of the '874 Patent by Defendant is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

**COUNT IV**

**INFRINGEMENT OF U.S. PATENT NO. 5,299,313**

31. USEI restates and realleges the allegations set forth in the foregoing paragraphs of this Complaint and incorporates them by reference.

32. Without a license or permission from USEI, Defendant has infringed and continues to infringe one or more claims of the '313 Patent, directly, contributorily, and/or by inducement, by importing, making, using, offering for sale, and/or selling products and devices which embody the patented invention, including, without limitation, one or more of the Accused Products, in violation of 35 U.S.C. § 271.

33. Defendant directly contributes to and induces infringement by supplying infringing systems and components to Defendant's customers.  Defendant's customers who purchase systems and components thereof and operate such systems and components thereof in accordance with Defendant's instructions directly infringe one or more claims of the '313 Patent, in violation of 35 U.S.C. § 271.

34. The acts of infringement of the '313 Patent by Defendant has caused damage to USEI, and USEI is entitled to recover from Defendant the damages sustained by USEI as a result of the wrongful acts of Defendant in an amount subject to proof at trial.  The infringement of USEI's exclusive rights under the '313 Patent by Defendant will continue to damage USEI,

causing irreparable harm, for which there is no adequate remedy at law, unless enjoined by this Court.

35. Defendant has had actual or constructive knowledge of the '313 Patent, yet continues to infringe said patent. The infringement of the '313 Patent by Defendant is willful and deliberate, entitling USEI to increased damages under 35 U.S.C. § 284 and to attorneys' fees and costs incurred in prosecuting this action under 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, USEI prays for the following relief against Defendant:

A. A judgment that Defendant has directly infringed the '094 Patent, the '872 Patent, the '874 Patent, and/or the '313 Patent; contributorily infringed the '094 Patent, the '872 Patent, the '874 Patent, and/or the '313 Patent; and/or induced infringement of the '094 Patent, the '872 Patent, the '874 Patent, and/or the '313 Patent;

B. An award of all damages recoverable under the laws of the United States and the laws of the State of Texas in an amount to be proven at trial;

C. An award of treble damages pursuant to 35 U.S.C. § 284 against Defendant as a result of Defendant's willful infringement;

D. A preliminary, and thereafter permanent, injunction enjoining and restraining Defendant, its officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '094 Patent, as set forth herein;

E. A preliminary, and thereafter permanent, injunction enjoining and restraining Defendant, its officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '872 Patent, as set forth herein;

- 9 -

F.	A preliminary, and thereafter permanent, injunction enjoining and restraining Defendant, its officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '874 Patent, as set forth herein;

G.	A preliminary, and thereafter permanent, injunction enjoining and restraining Defendant, its officers, directors, agents, servants, employees, attorneys, and all others acting under, by or through them, from directly infringing, contributorily infringing, and inducing the infringement of the '313 Patent, as set forth herein;

H.	A judgment and order requiring Defendant to pay USEI pre-judgment and post-judgment interest on the full amounts of the damages awarded;

I.	A judgment requiring Defendant to pay the costs of this action (including all disbursements) and attorneys' fees as provided by 35 U.S.C. § 285, with prejudgment interest; and

J.	Such other and further relief as this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands that all issues so triable be determined by a jury.

Respectfully submitted, this 22nd day of June, 2012.

ROBBINS GELLER RUDMAN
  & DOWD LLP

/s/ John C. Herman (w/permission Wesley Hill)

John C. Herman
Ryan K. Walsh
Peter M. Jones
David L. Gann
3424 Peachtree Street, N.E.
Monarch Centre, Suite 1650
Atlanta, Georgia 30326
(404) 504-6500 (telephone)
(404) 504-6501 (facsimile)
jherman@rgrdlaw.com
rwalsh@rgrdlaw.com
pjones@rgrdlaw.com
dgann@rgrdlaw.com

and

WARD & SMITH LAW FIRM
T. John Ward, Jr.
(State Bar No. 00794818)
Wesley Hill
(State Bar No. 24032294)
P. O. Box 1231
Longview, Texas 75606-1231
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)
jw@wsfirm.com
wh@wsfirm.com

Attorneys for Plaintiff
U.S. Ethernet Innovations, LLC